

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

RCH:AXB/LAZ  *610 Federal Plaza*
F. #2022R01030  *Central Islip, New York 11722*

January 22, 2024

By ECF

The Honorable Joanna Seybert
United States District Judge
Eastern District of New York
610 Federal Plaza
Central Islip, New York 11722

      Re: United States v. George Anthony Devolder Santos
           Criminal Docket No. 23-197 (S-1) (JS)

Dear Judge Seybert:

      The parties respectfully submit this proposed joint agenda for the status conference in the above-captioned matter scheduled for January 23, 2024 at 10:30 a.m.

- Production of Rule 16 Material: The government continues to produce discoverable material to the defendant on a rolling basis pursuant to Federal Rule of Criminal Procedure 16. The government has made prior productions of material to the defendant on June 27, 2023, September 1, 2023, October 27, 2023 and December 13, 2023. The government anticipates making a smaller production of approximately 6,000 pages of material to the defendant tomorrow. The government will continue to produce discoverable material on a rolling basis.

- Pre-Trial Schedule: The parties jointly request that the Court set a pre-trial schedule in this matter, including dates for expert disclosures, motions in limine, the identification of witnesses and exhibits, the production of materials pursuant to 18 U.S.C. § 3500 and Federal Rule of Criminal Procedure 26.2, and a final pre-trial conference. The parties agree on the following schedule:

  - Pre-Trial Motions:
    - Initial Defense Brief Due – April 26, 2024
    - Government Response Due – May 24, 2024
    - Defense Reply Due – June 7, 2024

  - Expert Disclosures Pursuant to Rule 16(a)(1)(G):
    - Initial Expert Disclosures – July 12, 2024

- Rebuttal Expert Disclosures – July 26, 2024

  o Initial Motions in Limine:
    - Initial Briefs Due – August 2, 2024
    - Responses Due – August 16, 2024
    - Replies Due – August 23, 2024

  o Final Pretrial Conference: August 30, 2024

  The parties only disagree as to the date upon which they shall disclose their list of witnesses, exhibits, and prior statements of witnesses pursuant to 18 U.S.C. § 3500 and Federal Rule of Criminal Procedure 26.2. The government proposes a date of August 19, 2024, three weeks prior to the start of trial, while defense counsel proposes August 2, 2024, five weeks prior to the start of trial.[1]

- Next Status Conference – The parties believe there is no need to set a status conference if the Court sets a pretrial motion schedule. The parties jointly request that the Court enter an order of excludable delay for the period between January 23, 2024 and the date of the final pretrial conference on August 30, 2024 to permit the defendant adequate time to review the materials produced pursuant to Federal Rule of Criminal Procedure

---

[1] The government respectfully notes that, as Your Honor has previously stated, courts are "without authority to order the government to disclose Jencks material prior to trial." United States v. Hatfield, 06 CR 550 (JS), 2009 WL 10673620, at *5 (E.D.N.Y. July 10, 2009). Courts have further noted that disclosure of such material two weeks in advance of trial "comports closely with disclosures approved in other cases." United States v. Barrett, 153 F. Supp. 3d 552, 574 (E.D.N.Y. 2015).

Furthermore, "[a] defendant is not entitled to the government's witness list prior to trial," United States v. Giffen, 379 F. Supp. 2d 337, 34 (S.D.N.Y. 2004), and, as Judge Cogan has written, "[t]he government has no obligation to identify exhibits before trial and courts consistently have held that the government satisfies its obligation by disclosing its exhibits together with its witnesses' 3500 material." United States v. Persing, 06 CR 815 (BMC), 2008 WL 11344620, at *5 (E.D.N.Y. May 6, 2008). Here, the government's proposed schedule exceeds its legal obligations and will be more than adequate given that trial is not expected to exceed three weeks in length, nor include an inordinately voluminous number of witnesses or exhibits.

16 and for the parties to pursue plea negotiations.  The parties respectfully submit that the ends of justice served by such an excludable delay outweigh the best interests of the public and the defendant in a speedy trial.

Respectfully submitted,

BREON PEACE
United States Attorney

By:   /s/
Ryan C. Harris
Anthony Bagnuola
Laura Zuckerwise
Assistant U.S. Attorneys

COREY R. AMUNDSON
Chief, Public Integrity Section
U.S. Department of Justice

By:   /s/
Jacob R. Steiner
John P. Taddei
Trial Attorneys

cc:     Joseph Murray Esq. (by ECF)
        Clerk of the Court (JS) (by ECF)