

**ANDREW MANCILLA**
NY, CA, NJ, SDNY, EDNY, DNJ,
2ND CIRCUIT, US SUPREME COURT

260 MADISON AVE, 22ND FLR
NEW YORK, NY 10016
T 646.225.6686  F 646.655.0269
andrew@law-mf.com

April 8, 2024

**Via Email** (Ryan.Harris2@usdoj.gov)
AUSA Ryan C. Harris
Assistant United States Attorney
United States Attorneys Office
Eastern District of New York
610 Federal Plaza
Central Islip, New York 11722

      Re:    <u>US v. George Santos, 23-cr-197 (JS)(AYS)</u>
                 <u>Request for Discovery & Bill of Particulars</u>

Dear Counsel:

      We write to formally request the discovery items and bill of particulars outlined below. Additionally, given our request for additional *Brady* material—primarily related to statements in your most recent discovery letter dated March 14, 2024—we intend to seek a 30-day extension to submit defense motions. This additional material is essential for us to thoroughly prepare our motions. <u>We kindly ask that you inform us by tomorrow, April 9, 2024, if the government has any objections to this extension</u>. A 30-day extension would not only allow the parties to continue engaging in plea negotiations but also provide the government sufficient time to furnish the requested discovery and the defense an opportunity to review this material before proceeding with motion filings.

      With respect to the below requests, we request that the government provide these items on or before April 24, 2024.

      **A.**    **Requests for Discovery**

1. All *Brady/Giglio* material related to the interviews, and follow-up interviews, with Samuel Miele, Nancy Marks, and Christopher Winkelman including, but not limited to,

*Re: Request for Bill of Particulars & Discovery*
April 8, 2024
Page 2 of 6

the notes, drafts, recordings, or other records memorializing the following averments made by the government in connection with the following disclosure letters:



*Re: Request for Bill of Particulars & Discovery*
April 8, 2024
Page 3 of 6



2. All documents, records, or data (including IP addresses from which the transactions were run) that reflect how, where, and when, all of the access devices were used that the government has included in the indictment, including in Court Nine.

3. Copies of all subpoenas sent out in relation to this matter.

**B.      Requests for Bill of Particulars**

1. Please identify all alleged falsehoods and the locations of those falsehoods with respect to the allegations in paragraphs 22 and 32 that Santos and Marks inflated the Committee's fundraising totals that form the basis of purported "Party Program Scheme". Specifically, while the government alleges in paragraph 22 that between December 2021 and January 2022 Santos and Marks "conspired and agreed to falsely inflate the Committee's fundraising totals" in its "public filings with the FEC", the allegation avers that there are other locations/documents/communications in which Santos and Marks inflated their fundraising totals without identifying where. Similarly, paragraph 32 contains virtually identical language alleging that the public filing was not the only manner in which Santos and Marks inflated fundraising totals. Our review of the discovery has not revealed any other inflated representations between December 2021 and April 2022. Accordingly, we request that the government specifically identify all falsely inflated representations that it intends to prove at trial. Notice is required as to what specific representations the government intends to prove are false, where they were made, and by whom specifically they were made.

2. Please identify where and when Santos and Marks purportedly entered into an agreement to falsely include contributions from each family members in the 2021 End of Year FEC filing. Notice is required as to when this agreement was entered into and how it was communicated between Santos and Marks.

3. Please identify when, where, and how Santos and Marks purportedly "agreed to falsely represent" that Santos loaned the Committee $500,000, as alleged in paragraph 32. Neither the indictment nor the discovery we have reviewed provide any such notice. Accordingly, please specify when this alleged agreement was entered, where it was entered, and whether it was in person, over the phone, over text message, or another means of communication.

4. Please identify all the individuals, access devices, and unauthorized amounts charged related to the purported credit card fraud scheme alleged in paragraphs 43-48 and 82-85. Specifically, please identify from whom Defendant "obtained the personal identity and financial information" as well as the dates and amounts that the government intends to prove Defendant charged each of the access devices without authority.

*Re: Request for Bill of Particulars & Discovery*
April 8, 2024
Page 5 of 6

5. Please identify the "affiliated political committees" to which the Defendant caused "two other contributions to be made" as described in paragraphs 44 and 45 of the indictment.

6. Please identify the "other unwitting individuals" that the government intends to prove were used to mask the transactions alleged in paragraph 48 of the indictment.

7. Please identify each and every communication and falsehood that the government intends to rely on at trial that forms the basis of the "Company #1 Fraud Scheme" alleged in the indictment in paragraph 49-56 and 86-90. In this regard, please also identify all individuals, aside from Contributors #13 and #14 that the government claims made contributions on those identified falsehoods and the amounts of each contribution.

8. Please identify each specific falsehood that the government intends to prove Person #1 made to Contributors #13 and #14, as alleged in paragraphs 54-55 of the indictment. The government's reference to alleged falsehoods, which include, "inter alia," those identified in the indictment, does not provide adequate notice as to all of the statements the government claims are false.

9. Please identify how the Defendant "previously approved" the attachment to the email referenced in paragraph 55.

Thank you in advance for your attention to this matter and for your continued cooperation. We look forward to your prompt response.

Sincerely,

/s/

Andrew Mancilla


Cc:   AUSA Anthony Bagnuola (Anthony.Bagnuola@usdoj.gov)
      AUSA Laura Zuckerwise (Laura.Zuckerwise@usdoj.gov)
      CRM Jacob Steiner (Jacob.Steiner@usdoj.gov)
      CRM John Taddei (john.taddei@usdoj.gov)

      Joseph Murray, Esq. (joe@jmurray-law.com)
      Robert Fantone, Esq. (robert@law-mf.com)

*Re: Request for Bill of Particulars & Discovery*
April 8, 2024
Page 6 of 6