

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

RCH
F. #2022R01030

*610 Federal Plaza*
*Central Islip, New York 11722*

May 29, 2024

By ECF

The Honorable Joanna Seybert
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      Re:    United States v. Devolder Santos
                Criminal Docket No. 23-197 (S-2) (JS)

Dear Judge Seybert:

      Yesterday, a grand jury sitting in the Eastern District of New York returned a second superseding indictment against defendant George Anthony Devolder Santos in this matter. The government respectfully submits this letter to advise the Court that the second superseding indictment makes only minor changes to the first superseding indictment as outlined herein. It does not allege new criminal conduct, charge the defendant with new crimes, or make new substantive allegations against the defendant. Rather, in anticipation of a September 9, 2024, trial, the changes made in the second superseding indictment correct scrivener's errors and make other minor changes to what the government expects will be the operative charging instrument at trial. First, the second superseding indictment corrects scrivener's errors involving the anonymized labels of the individuals referenced in Counts Eleven through Eighteen. The government previously advised defense counsel that such errors existed in a letter dated October 27, 2023. Second, the second superseding indictment modifies the language in paragraphs 44 and 45 to more clearly describe the alleged fraudulent contribution at issue. Third, the second superseding indictment removes the "to wit" clause of Count Ten, in light of the government's agreement, as detailed in its forthcoming response to the defendant's pending motion, to provide the defendant with certain particulars related to Counts Nine and Ten. Fourth, the second superseding indictment corrects other minor typographical errors contained in the first superseding indictment. The government has provided the defendant with a comparison of the superseding indictment and second superseding indictment.

      On May 3, 2024, the defendant moved to dismiss the first superseding indictment, alleging various defects in that charging instrument. Because the second superseding indictment is materially indistinguishable from the first superseding indictment, the government consents to the Court construing the defendant's motion to apply to the second superseding indictment, now

that a true bill has been returned by the grand jury. The government is prepared to respond to that motion on May 31, 2024, in accordance with the pre-trial briefing schedule previously set by the Court.

Respectfully submitted,

BREON PEACE
United States Attorney

By:    /s/
Ryan C. Harris
Anthony Bagnuola
Laura Zuckerwise
Assistant U.S. Attorneys

COREY R. AMUNDSON
Chief, Public Integrity Section
Criminal Division, U.S. Department of Justice

By:    /s/
Jacob R. Steiner
John P. Taddei
Trial Attorneys

cc:    Clerk of Court (JS) (via ECF and email)
      Counsel of Record (via ECF and email)