

**ANDREW MANCILLA**
NY, CA, NJ, SDNY, EDNY, DNJ,
2ND CIRCUIT, US SUPREME COURT

260 MADISON AVE, 22ND FLR
NEW YORK, NY 10016
T 646.225.6686  F 646.655.0269
andrew@law-mf.com

June 5, 2024

**By ECF**
The Honorable Joanna Seybert
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      Re:    United States v. George Santos, Crim. No. 23-197 (S-2) (JS)
                Letter Request for 2-week Extension

Dear Judge Seybert:

      We represent the defendant George Santos in the above-referenced matter.  We respectfully request an extension of two weeks to file our motion reply papers.  Our reply is currently due on June 14, 2024.  We respectfully request to be permitted to file our reply on June 28, 2024.

      This request is necessary for two reasons.  First, on May 28, 2024, the government filed a Second Superseding Indictment ("S2 Indictment") (ECF No. 79) which, although described as making "minor changes," appears to make substantive changes to the phrasing of certain allegations.  These changes were made for a reason, and the fact that the government made these changes only *after* we filed our motions suggest they may have greater implications beyond merely fixing what the government characterizes as scrivener's errors.  For example, the government removed the "to wit" language in Count 10 of the S2 Indictment (ECF Nos. 78, 79), in direct response to the arguments we raised to dismiss Count 10 under *Dubin v. United States*, 599 U.S. 110 (2023) in our motion papers.  We respectfully submit that more time is necessary to carefully review these changes, assess their implications on our motion papers, and ensure that our response effectively addresses the new operative indictment.

      Second, on May 31, 2024, the government provided a bill of particulars to the defense after previously refusing to do so in response to our request dated April 8, 2024.  This letter identifies specific transactions that the government represents form the basis of the alleged credit card fraud scheme.  Curiously, the government chose to both re-indict our client and provide a bill of particulars *after* the defense had already filed its motions, and nearly a year after the original indictment.  This irregularity is cause for pause and will require additional time to analyze these changes and the particulars provided to determine whether they are sufficient or if further information is necessary.  This involves cross-referencing the provided details concerning the identified credit card transactions with the discovery produced to date, which is a time-consuming process.

   Granting this extension will not prejudice the government or unduly delay the proceedings but will ensure that the defendant's response is thorough and appropriately tailored to the newly filed operative indictment and the furnishing of some of the requested particulars.

   We appreciate the Court's consideration of this request. This is our first request for an extension to file the motion reply papers. The government objects to our requested extension.

              Respectfully submitted,

               /s/ *Andrew Mancilla*
               Andrew Mancilla, Esq.
               Robert Fantone, Esq.
               Joseph Murray, Esq.
               *Attorneys for George Santos*

cc: AUSA Ryan C. Harris (by ECF)
   AUSA Anthony Bagnuola (by ECF)
   AUSA Laura Zuckerwise (by ECF)
   Trial Attorney Jacob R. Steiner (by ECF)
   Trial Attorney John P. Taddei (by ECF)