UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| UNITED STATES OF AMERICA, | |
|---|---|
| -v- | |
| GEORGE ANTHONY DEVOLDER SANTOS, Also known as "George Santos" | 23-197 (S-2) (JS) (AYS) |
| *Defendant*. | |

# REPLY MEMORANDUM OF LAW
# IN SUPPORT OF DEFENDANT'S OMNIBUS MOTIONS

**JOSEPH W. MURRAY, ESQ.**
185 Great Neck Road, Ste. 461
Great Neck, New York 11021
(646) 838 – 1702
joe@jmurray-law.com


**MANCILLA & FANTONE, LLP**
260 Madison Avenue, 22nd Floor
New York, New York 10016
(646) 225-6686
robert@law-mf.com
andrew@law-mf.com

# **TABLE OF CONTENTS**

UPDATED PROCEDURAL BACKGROUND ........................................................................... 6

DISCUSSION ...............................................................................................................................6

    I.  COUNTS SIX AND TEN ARE LEGALLY INSUFFICIENT AND MUST BE
DISMISSED................................................................................................................................6

    II.  COUNTS SIX AND TEN SHOULD BE DISMISSED BECAUSE SECTION
1028A IS UNCONSTITUTIONALLY VAGUE AS APPLIED TO THIS CASE.....................14

    III.  THE GOVERNMENT SHOULD BE ORDERED TO PROVIDE THE
OUTSTANDING REQUESTED ..............................................................................................15

        A.    The Identification of Allegedly False Statements Related to Counts 2-8......................15

CONCLUSION...........................................................................................................................17

# **TABLE OF AUTHORITIES**

**Cases**

*Dowling v. United States*,
   473 U.S. 207 (1985) ................................................................................................................ 7

*Dubin v. United States,*
   599 U.S. 110 (2023) ................................................................................................ 6, 9, 10, 13

*Stirone v. United States*,
   361 U.S. 212 (1960) .............................................................................................................. 11

*United States v. Aleynikov*,
   676 F.3d 71 (2d Cir. 2012) ...................................................................................................... 7

*United States v. Allen*,
   289 F.Supp.2d 230 (N.D.N.Y. 2003) .................................................................................... 16

*United States v. Bortnovsky*,
   829 F.2d 572 (2d Cir. 1987) .................................................................................................. 17

*United States v. Coonan*,
   938 F.2d 1553 (2d Cir. 1991) ................................................................................................ 15

*United States v. Dawkins*,
   999 F.3d 767 (2d Cir. 2021) .................................................................................................. 12

*United States v. GAF Corp.*,
   928 F.2d 1253 (2d Cir. 1991)……………………………………………………………….16

*United States v. Glaze*,
   313 F.2d 757 (2d Cir. 1963) .................................................................................................. 16

*United States v. Heicklen*,
   858 F. Supp. 2d 256 (S.D.N.Y. 2012) .................................................................................... 7

*United States v. Henderson*,
   No. 18-CR-23, 2018 U.S. Dist. LEXIS 204588 (E.D.N.C. December 2, 2018) ................. 11, 13

*United States v. James,*
   No. 19-CR-0382, U.S. Dist. LEXIS 183810 (E.D.N.Y. October 12, 2023) ....................... 13, 14

*United States v. Kerik*,
   615 F. Supp. 2d 256 (S.D.N.Y. 2009) .................................................................................... 7

*United States v. Letteri,*
   2023 U.S. Dist. LEXIS 93765 (W.D.N.Y. May 30, 2023) ................................................... 13

*United States v. Menendez*,
   132 F.Supp.3d 635 (D.N.J. 2015) ............................................................................... 7, 11, 13

*United States v. Mennuti*,
   639 F.2d 107 (2d Cir. 1981) ....................................................................................... 6, 11, 13

*United States v. Pirro*,
   212 F.3d 86 (2d Cir. 2000) ...................................................................................................... 7

*United States v. Raniere*,
   384 F. Supp. 3d 282 (E.D.N.Y. 2019) .................................................................................. 15

*United States v. Reese,*
   No. 12-CR-629, 2023 WL 4079386 (S.D.N.Y. June 20, 2023) ................................................ 14
*United States v. Rybicki*,
   354 F.3d 124 (2d Cir. 2003) .................................................................................................... 15
*United States v. Sampson,*
   898 F.3d 270 (2d Cir. 2018) .................................................................................................... 12
*United States v. Sattar*,
   272 F. Supp. 2d 348 (S.D.N.Y. 2003) ..................................................................................... 15
*United States v. Villanueva-Sotelo*,
   515 F.3d 1234 (D.C. Cir. 2008) ........................................................................................ 11, 13
*United States v. Watson*,
   No. 23-CR-82, 2024 U.S. Dist. LEXIS 77873 (E.D.N.Y. April 29, 2024) ......................... 11, 12
*United States v. Wedd*,
   993 F.3d 104 (2d Cir. 2021) .................................................................................................... 12
*United States v. Wilcox*,
   No. 09-CR-140, 2010 U.S. Dist. LEXIS 71 (W.D. Mich January 4, 2010) .......................... 7, 11
*United States v. Ying Lin*,
   270 F.Supp.3d 631 (E.D.N.Y. 2017) .................................................................................... 6, 11
*United States v. Zingaro*,
   858 F.2d 94 (2d Cir. 1988) ...................................................................................................... 11

**Statutes**

18 U.S.C. § 1028A ........................................................................................................................ 13

The Defendant George Anthony Devolder Santos ("Santos") respectfully submits this reply memorandum of law in support of his motions to (1) dismiss the aggravated identity theft charges (Counts Six and Ten) of the Second Superseding Indictment (the "S-2 Indictment") for failure to state an offense; (2) dismiss the aggravated identity theft charges (Counts Six and Ten) of the S-2 Indictment because 18 U.S.C. § 1028A is unconstitutionally vague on its face and unconstitutionally vague as applied to these allegations; (3) dismiss Count Ten of the S-2 Indictment on grounds of multiplicity; (4) dismiss count 19 of the S-2 Indictment on grounds of duplicity; (5) compel the government to provide a bill of particulars; (6) compel the government to provide *Brady/Giglio* material; (7) strike the prejudicial and irrelevant surplusage from the S-2 Indictment; (8) compel the government to preserve; (9) permit the defense to make further motions if the circumstances require; and (10) granting any and all further relief the Court deems just and proper.

Santos limits his Reply to the issues concerning the dismissal of Counts 6 and 10 under *Dubin* and on unconstitutional vagueness grounds, as applied to these facts. For all other arguments, Santos relies on his moving papers.[1]

---

[1] With respect to defendant's surplusage argument, for obvious reasons, Counsel withdraws its request to strike the non-existent surplusage, as these passages appear to have been inadvertently culled from inaccurate recitations of the S-1 Indictment language. In addition, counsel agrees with the government that to the extent that the Court does not plan to present the indictment to the jury at trial, this motion is rendered moot. However, to the extent that the Court intends to present the S-2 Indictment to the jury (which contains the same surplusage identified by the defense), it should be struck as highly prejudicial and extraneous.

**UPDATED PROCEDURAL BACKGROUND**

Santos filed his pretrial motions on May 3, 2024. ECF 71-76. In response, the government procured a Second Superseding Indictment (the "S-2 Indictment") from the Grand Jury on May 28, 2024. ECF 79. The government subsequently filed its Opposition to Santos' pretrial motions on May 31, 2024. ECF 80-81. Santos now files the instant Reply in Support of his pretrial motions.

**DISCUSSION**

**I.**

**COUNTS SIX AND TEN ARE LEGALLY INSUFFICIENT AND MUST BE DISMISSED**

In response to Santos' applications to dismiss Counts Six and Ten of the S-1/S-2 Indictment as facially insufficient pursuant to *Dubin v. United States,* 599 U.S. 110 (2023), the government primarily argues that such applications are premature. Opp. at 14-19. Specifically, the government argues that "'At the indictment stage,' courts 'do not evaluate the adequacy of the facts to satisfy the elements of the charged offense. That is something we do after trial.'" *Id*. (*quoting United States v. Wedd*, 993 F.3d 104, 121 (2d Cir. 2021)). However, here, Santos challenges the adequacy of the ***allegations in the S-2 Indictment***, which (as the government concedes) is proper under certain circumstances. *See* Opp at 18.

The following examples are instructive: in *United States v. Mennuti*, 639 F.2d 107 (2d Cir. 1981), the Court of Appeals for the Second Circuit upheld the dismissal of charges after the defendant filed a pretrial motion to dismiss, stating that the "[g]overnment's proposed proof would not establish a crime within the terms of the statute." *Id.* at 108. A similar result was reached in *United States v. Ying Lin,* 270 F.Supp.3d 631 (E.D.N.Y. 2017) (Irizarry, D.J.), wherein the court granted the defendant's motion to dismiss, stating: "from a plain reading of the

statute, the [c]ourt finds that [d]efendant's alleged conduct does not constitute smuggling within the meaning of 18 U.S.C. § 554." *See also United States v. Aleynikov*, 676 F.3d 71, 75-76 (2d Cir. 2012) ("a federal indictment can be challenged on the ground that it fails to allege a crime within the terms of the applicable statute."); (*Dowling v. United States*, 473 U.S. 207, 213 (1985) (holding indictment insufficient where allegation that defendant stole digital property did not allege a crime under the relevant statute); *United States v. Pirro*, 212 F.3d 86, 92-93 (2d Cir. 2000) (upholding dismissal of tax fraud count of an indictment because the conduct alleged did not violate the applicable statutes); *United States v. Heicklen*, 858 F. Supp. 2d 256, 275-76 (S.D.N.Y. 2012) (dismissing indictment where facts alleged did not constitute the crime of attempting to influence the actions of a juror); *United States v. Kerik*, 615 F. Supp. 2d 256, 271-74 (S.D.N.Y. 2009) (dismissing false-statement charge because defendant's alleged failure to disclose information in response to a question that the court determined was "fundamentally ambiguous" was not a crime as a matter of law).

Likewise, in *United States v. Menendez*, 132 F.Supp.3d 635 (D.N.J. 2015), the court dismissed three counts of the indictment after concluding that such counts failed to satisfy the applicable pleading standard. *Id*. at 644. Specifically, in limiting its "review of the facts set forth in the indictment" the court set out "to determin[e] whether, assuming all of those facts as true, a jury *could* find that the defendant committed the offenses for which he was charged." *Id*. at 643 (emphasis in original); *see also*, *United States v. Wilcox*, No. 09-CR-140, 2010 U.S. Dist. LEXIS 71 (W.D. Mich January 4, 2010) (Maloney, C.J.) (dismissing a 1028A charge via defendant's Rule 12(b)(3)(A) motion after conducting a pre-*Dubin* analysis of the statute).

Here, the allegations contained in the S-2 Indictment justify dismissal of Counts Six and Ten. Count Six alleges that Santos' violated 1028A by listing the names of friends and family as

7

donors on a January 2022 FEC filing, without the permission of such individuals, to inflate the reported contribution totals. S-2 Ind. at ¶¶ 19-42, 76-77. According to the S-2 Indictment, Santos did this to "surpass the $250,000 threshold necessary to qualify for the second phase of [National Party Committee #1's] Program." *Id*. at ¶28. These allegations unambiguously allege that the ***inflated contribution amount*** constitutes the "crux" of the criminality alleged in Count Six. *Id*.

By definition, there can only be one "crux." Mirriam Webster's definition of "Crux" states: "the most important part of something (such as a problem, issue, puzzle, etc.)"[2] However the government is trying to convince this Court that there are somehow two "cruxes" of criminality in Count Six. The government argues that it "intends to offer proof [] that using these names was at the crux of what made his conduct criminal because the individuals' identities were 'used in a manner that [was] fraudulent or deceptive' and were a 'key mover in the criminality.'" Opp. at 19.

The government elaborates by stating: "that evidence at trial will establish that the misrepresentation to the National Party Committee #1 and to the FEC that these purported contributions had been made by <u>true</u> individual contributors was a material fact to both of those institutions, and thus at the crux of what made the conduct criminal." Opp. at 20 (emphasis in original). The government further explains that it plans to prove at trial that Santos' alleged "representation that these contributions had been made by <u>real</u> individual contributors was material to the National Party Committee #1, even if the National Party Committee #1 did not focus on the specific identities of each of those contributors []" *Id*. (emphasis in original).

---

[2] Merriam-Webster, The Crux, Merriam-Webster.com https://www.merriam-webster.com/dictionary/the%20crux (last visited June 14, 2024).

8

This government's argument highlights its fundamental misunderstanding of the holding in *Dubin*. Merely because a fact is material, or even "necessary", to complete the crime, does not make it the "crux" of the criminal activity. *Dubin*, 599 U.S. at 114-115, 132. In fact, the *Dubin* defendant's use of ***real*** patients' identities was material and unquestionably necessary for the defendant to receive his fraudulent and inflated reimbursements, yet the Supreme Court held that these material and necessary elements did not constitute the crux of the crime, and thus fell outside of Section 1028A. *Id*.

With respect to Count Ten, the government asserts two separate and mutually exclusive theories of liability: (i) overcharging contributors' credit cards, and (ii) misattributing such donations to others. Opp. at 20-21. Additionally, the government specifically removed the "to wit" clause in Count Ten to "clarify" that this Count charged conduct beyond that identified by the "to wit" clause.³

One could argue that the government is attempting to move the goalposts mid-game; however, for purposes of *Dubin*, it simply does not matter. The government's first theory of overcharging fails because *Dubin* expressly prohibits application of 1028A to cases such as this, which allege fraud by exceeding authorization or "overbilling." *Dubin*, 599 U.S. at 128-19. Its second theory, based on misappropriation, fails for the same reasons Count Six fails: the use of another's identification was not the crux of what made the conduct criminal; it was Santos' alleged charging of the card in excess of the cardholder's authority to inflate his contribution

---

³ Footnote 8 of the government's brief argues that the "to wit" clauses contained in Counts Six and Ten of the S-1 Indictment does not "limit the government's proof at trial." However, there is no question that the government is limited by the bill of particulars it provided to Santos via letter dated May 31, 2024, which describes the identical "overcharging" theory of liability for each additional victim alleged. *United States v. Glaze*, 313 F.2d 757 (2d Cir. 1963). To the extent that the Court would like to confirm this point, the government's letter dated May 31, 2024, containing the bill of particulars, shall be provided to the Court upon request, under seal.

totals. *See* Opp. at 24 ("Santos did not merely 'use' credit card information that he properly possessed; he abused it, with specific intent to defraud, to increase the amount of money he had appeared to raise as a candidate for the House.").

The government's creative attempt to recast this as two separate theories of liability should not be entertained. It would be the equivalent of the government in *Dubin* arguing that the defendant's aggravated identity theft conduct fell into two categories – his use of the patient names without their authority, and the use of their names to overcharge Medicaid. *Dubin*, 599 U.S. at 114-15. At its core these are really just the same thing – overcharging – and both the *Dubin* defendant and Santos allegedly needed to use real people's identities because the existence of real people was material to committing the underlying crime. Yet the Supreme Court held that such conduct does not violate 1028A. *Dubin*, 599 U.S. at 128-129 ("The government's boundless reading of 'uses' and 'in relation to' would cover facilitating mail fraud by using another person's name to address a letter to them. Even beyond that, names or other means of identification are used routinely for billing and payment, whether payment apps, credit and debit cards, a bill sent by mail, or an invoice sent electronically. So long as the criteria for the broad predicate offenses are met, the government's reading creates an automatic 2-year sentence for generic overbilling that happens to use ubiquitous payment methods.").

The government argues that it has "not made a 'full proffer' of its evidence" (Opp. at 18) and that the "the fact-specific nature of this conduct lays bare the premature and speculative nature of Santos' argument." Opp. at 24. Pursuant to *Dubin,* however, the S-2 Indictment's allegations, even if true, are legally insufficient to support a Section 1028A conviction, ***and there are no supplemental or different facts the government can present at trial to change that*** – certainly not without subjecting Santos to an unconstitutional constructive amendment. *See e.g.*

*Stirone v. United States*, 361 U.S. 212 (1960); *United States v. Zingaro*, 858 F.2d 94 (2d Cir. 1988).

For example, Santos' unauthorized use of names on FEC reports for the purpose of inflating contribution totals (as alleged in the S-2 Indictment) can **never** sustain a Section 1028A charge post-*Dubin*, regardless of how many additional facts the government presents at trial. *See, e.g., United States v. Villanueva-Sotelo*, 515 F.3d 1234, 1236 (D.C. Cir. 2008) (allegations failing to establish that the defendant "actually knew the alien registration number belonged to another person" could never trigger liability pursuant to 1028A); *United States v. Henderson*, No. 18-CR-23, 2018 U.S. Dist. LEXIS 204588 (E.D.N.C. December 2, 2018) (Boyle, C.J.) (indictment alleging that the defendant used the means of identification of a deceased individual could never establish liability pursuant to 1028A); *Wilcox*, 2010 U.S. Dist. LEXIS at 6-8 (allegations charging the defendant with using his "own true name and address [...] and the true names of purported debtors" could never constitute a crime under 1028A); *see also, Mennutti*, 639 F.2d at 109-13 (ruling that setting fire to private residences could never constitute destruction of buildings used in or affecting commerce); *Ying Lin,* 270 F.Supp.3d 634-35 (ruling that the government's allegations related to a violation of TSA regulations could never trigger liability for smuggling); *Menendez,* 132 F.Supp.3d at 644 (ruling that the "generalized expectation of future favorable action" alleged in the indictment could never constitute bribery).

The cases the government relies upon do not present such straightforward legal issues. For example, in *United States v. Watson*, NO. 23-CR-82, 2024 U.S. Dist. LEXIS, 77873 (E.D.N.Y. April 29, 2024) (Komitee, D.J.) the defendant challenged the sufficiency of the allegations in the indictment via a motion to dismiss, claiming the false statements were legally immaterial. *Id*. at 9. However, the Watson court denied the motion because materiality is a

"mixed question of law and fact that the Second Circuit has repeatedly held is properly reserved for jury determination." *Id*. Here, however, Santos does not dispute any of the S-2 Indictment's allegations in seeking dismissal.

The government's reliance upon *United States v. Sampson,* 898 F.3d 270, 281 (2d Cir. 2018), is misplaced for the same reason. The *Sampson* defendant's motion to dismiss "effectively asked the district court to make a factual finding about the precise moment at which he acted with fraudulent intent to convert the funds at issue in [the] case." *Id*. at 281-82. Unlike in *Sampson*, here Santos' motion to dismiss assumes the truth of the allegations in the S-2 Indictment, and challenges only the sufficiency of the government's well-detailed theories of liability.

A more interesting question may have presented itself had the government refrained from informing the public and the defense of its precise theories of liability against Santos through the use of a plethoric, one-hundred-and-five-paragraph Indictment. *See cf. United States v. Dawkins*, 999 F.3d 767, 779-80 (2d Cir. 2021) ("[A]n indictment need do little more than track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime."). In fact, this is the circumstance presented in *United States v. Wedd*, 993 F.3d 104 (2d Cir. 2021), upon which the government relies. Unlike the instant case, the indictment in *Wedd* "[did] not detail the specific facts of the underlying schemes or precisely *how* Wedd and his codefendants used consumers' telephone numbers." *Id*. at 121 (emphasis in original) (internal quotations and brackets omitted). Here, however, the government used a bill of particulars, as well as detailed allegations in the S-2 Indictment to explain the exact manner in which Santos allegedly violated 1028A, allegations that the government is now bound by. *See United States v. Letteri,* 2023 U.S. Dist. LEXIS 93765, at *27-29 (W.D.N.Y. May 30, 2023).

And while the government's Opposition attempts to distance itself from this decision, the now operative S-2 Indictment very clearly realleges and incorporates fully into each count "the allegations contained in paragraphs one through 65," thus inviting Santos' instant motions to dismiss. *See Menendez*, 132 F.Supp.3d at 644 ("Like the other [c]ounts in the indictment, [c]ounts 9-12 incorporate the Manner and Means section of the [i]ndictment.").

Finally, even at this early stage of the proceeding, the rule of lenity obligates this Court to resolve any uncertainty in favor of dismissal. *Mennuti*, 639 F.2d at 113 ("[I]f we entertained more doubt about the applicability of the statute to this case than we do, we would nevertheless be constrained to affirm the dismissal of the indictment on the basis of the Supreme Court's admonitions that 'ambiguity concerning the ambit of criminal statutes should be resolved in favor of lenity") (internal quotations omitted); *see also, Villanueva-Sotelo*, 515 F.3d at 1236; *Henderson*, 2018 U.S. Dist. LEXIS 204588 at * 2-8. Therefore, in the event the Court is genuinely uncertain whether the government's allegations in Counts Six and Ten are sufficient to state a claim under Section 1028A, the Court is required to dismiss such Counts.

Lastly, the government relies upon two cases in support of its argument that the allegations in the S-2 Indictment are sufficient to establish a charge under Section 1028A. First, the government cites *United States v. James,* No. 19-CR-0382, U.S. Dist. LEXIS 183810, *3-4 (E.D.N.Y. October 12, 2023) (Seybert, D.J.). However, the post-trial Rule 29 briefing in *James* completed approximately six months before the Supreme Court issued the *Dubin* decision (*see* Case No.19-CR-0382, ECF 219, 224, and 226), and *Dubin* was not discussed in the briefing nor in the *James* Court's decision. *Id*. Additionally, the facts of *James* are highly distinguishable as the defendant in *James* was accused of impersonating several individuals to accomplis his falsification of insurance claims. *James*, U.S. Dist. LEXIS 183810 at *2; *see also James,* Case

No.19-CR-0382, ECF 224 at 37-38 (discussing evidence supporting aggravated identity theft conviction).

The government also relies on *United States v. Reese,* No. 12-CR-629, 2023 U.S. Dist. LEXIS 105917 (S.D.N.Y. June 20, 2023) (Marrero, D.J.), in which, unlike the instant matter, the defendant's conduct exemplified "classic identity theft." *Id*. at 2-3 ("The Government introduced evidence at trial that as part of bank and check fraud scheme, Reese stole and used the identity of at least John Sakal (including bank account information and Sakal's social security number and signature) to deposit stolen checks and then accessed Sakal's PayPal account to try to retrieve the deposited funds.")

For these reasons, the Court should dismiss Counts Six and Ten of the Indictment charging aggravated identity theft pursuant to 18 U.S.C. § 1028A.

## II.

### COUNTS SIX AND TEN SHOULD BE DISMISSED BECAUSE SECTION 1028A IS UNCONSTITUTIONALLY VAGUE AS APPLIED TO THIS CASE[4]

The government argues that Section 1028A is not unconstitutionally vague because it provides fair notice to a reasonable person that the alleged conduct was illegal. Opp. at 28. The government is incorrect.

The government conflates notice of general wrongdoing with the notice that is required: notice that the alleged conduct specifically constituted a violation of Section 1028A. Opp. at 28. However, general notice that conduct is illegal is not the inquiry. *United States v. Coonan*, 938 F.2d 1553, 1562 (2d Cir. 1991) ("[V]agueness challenges must be evaluated based on the

---

[4] The defense argued that Section 1028A is unconstitutionally vague on its face and as applied to this case. For preservation purposes, the defense maintains that Section 1028A is unconstitutionally vague on its face but does not reply herein to the government's arguments.

particular application of the statute."). Notice that such conduct would be a violation of the particular statute is required. *See United States v. Rybicki*, 354 F.3d 124, 144 (2d Cir. 2003). This would seem to be even more important in this case because the statute at issue requires a sentencing enhancement and was intended by Congress to apply to an "aggravated" form of misconduct.

The government also argues that the defense motion is premature because such an analysis is fact-sensitive and the government has yet to present its evidence. While the defense acknowledges that a constitutional "as applied" challenge requires the record to be "clear what the defendant did" (*United States v. Raniere*, 384 F. Supp. 3d 282, 320-21 (E.D.N.Y. 2019)), given the detailed allegations contained within the S-2 Indictment, we submit that the Court would be well within its discretion to dismiss Counts Six and Ten at this stage. *See, e.g., United States v. Sattar*, 272 F. Supp. 2d 348, 359-61 (S.D.N.Y. 2003). Accordingly, the Court should reject the government's arguments that the instant motion is premature.

## III.

### THE GOVERNMENT SHOULD BE ORDERED TO PROVIDE THE OUTSTANDING REQUESTED BILL OF PARTICULARS

**A. The Identification of Allegedly False Statements Related to Counts Two Through Eight**

In his motion, Santos requested that the Court compel the government to provide a bill of particulars identifying allegedly false statements related to Counts two through eight, which relate to what the government has labeled the alleged "Party Program Scheme." While Santos acknowledged that the operative pleading at the time (the S-1 Indictment) "identifies several allegedly fraudulent statements pertaining to the above-mentioned Counts (which are specified in paragraphs 27, 38, 71, 73, 75, 79, and 81)," Santos' application focused exclusively on the

inclusion of the problematic **"including but not limited to"** language contained on page 32 of the the S-1 Indictment. Opp. at 34. Santos argued that without identification of the other allegedly false statements, which would fall under the "including but not limited to" language, he would be ill prepared for trial because the documents the government identified "total more than 500 pages and contain more than 1,000 different statements…" *Id*.

The government's response entirely fails to address the "including but not limited to language," which was not removed from the newly operative pleading, the S-2 Indictment. *See* S-2 Indictment at ¶¶22 and 32. Instead the government's opposition merely highlights the government's identification of some of the false statements, stating that "each of these counts provides more than enough information to permit Santos to prepare a defense, avoid unfair surprise, and preclude double jeopardy concerns." Opp. at 42.

Again, Santos agrees with the government to the extent the totality of the allegedly false statements are identified in the S-2 Indictment. However, the Court should not permit the government to present additional allegedly false statements at trial if the government fails to identify such additional statements in its pleadings. *United States v. Glaze*, 313 F.2d 757 (2d Cir. 1963) (*quoting United States v. Murray*, 297 F.2d 818 (2d Cir. 1962)) ("The function of a bill of particulars is to enable the accused to prepare for trial and to prevent surprise, and to this end the government is strictly limited to proving what it has set forth in it"); *see also United States v. Allen*, 289 F.Supp.2d 230, 237 (N.D.N.Y. 2003) ("A bill of particulars [...] confines the government's evidence at trial to the particulars furnished.").

The cases the government relies upon do not address pleadings that include the problematic "including, but not limited to" language, and are therefore inapposite. *See United States v. GAF Corp.*, 928 F.2d 1253, 1260 (2d Cir. 1991) (Opp. at 42), and *United States v.*

*Bortnovsky*, 829 F.2d 572, 574 (2d Cir. 1987) (Opp. at 43).  For these reasons, the Court should compel the government to provide a bill of particulars identifying any allegedly false statements not already identified in the S-2 Indictment that the government will use as proof in support of Counts two through eight.

## CONCLUSION

For these reasons, Defendant George Devolder Santos respectfully requests that the Court grant the aforementioned requested relief, and all further relief the Court deems just and proper.

Dated:  June 14, 2024
New York, New York

**MANCILLA & FANTONE LLP**

By: */s/ Andrew Mancilla*
Andrew Mancilla, Esq.
260 Madison Avenue – 22nd Floor
New York, New York 10016
Phone: (646) 225-6686
Fax: (646) 655-0269
andrew@law-mf.com

By: */s/ Robert Fantone*
Robert Fantone, Esq.
robert@law-mf.com


**JOSEPH W. MURRAY, ESQ.**

By: */s/ Joseph Murray*
Joseph Murray, Esq.
185 Great Neck Road, Ste. 461
Great Neck, New York 11021
(646) 838 – 1702
joe@jmurray-law.com

To:  All parties of record via ECF