RCH:AXB/LZ
F. #2022R01030

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – – – – –X

UNITED STATES OF AMERICA,


   - against -                        23 CR 197 (S-2) (JS)


GEORGE ANTHONY DEVOLDER SANTOS,
      also known as "George Santos,"

             Defendant.

– – – – – – – – – – – – – – – – – – – –X


## THE PARTIES' PROPOSED EXAMINATION OF PROSPECTIVE JURORS


| | |
|---|---|
| BREON PEACE | COREY R. AMUNDSON |
| United States Attorney | Chief, Public Integrity Section |
| Eastern District of New York | U.S. Department of Justice |
| | |
| Ryan C. Harris | John P. Taddei |
| Anthony Bagnuola | Jacob R. Steiner |
| Laura Zuckerwise | Trial Attorneys |
| Assistant United States Attorneys | (Of Counsel) |
| (Of Counsel) | |

GEORGE ANTHONY DEVOLDER SANTOS
Defendant

Joseph W. Murray
Robert M. Fantone, Jr.
Andrew L. Mancilla
(Defense Counsel)

<u>PRELIMINARY STATEMENT</u>

The parties respectfully request, pursuant to Federal Rule of Criminal Procedure 24(a), that the Court include the following questions in its examination of prospective jurors. The Court is requested to pursue more detailed questioning if a particular juror's answer reveals that further inquiry is appropriate and, in such an instance, to conclude with an inquiry into whether the particular fact or circumstance would influence the juror in favor of or against either the government or the defendant, or otherwise affect the juror's ability to serve as a fair and impartial juror in this case.

## **The Charges**

The case for which you have been summoned for jury selection is a criminal case. The defendant on trial, George Anthony Devolder Santos, also known as George Santos, has been charged with certain federal crimes in an indictment filed by a grand jury sitting in this district. The indictment is not evidence. It simply contains the charges that the government will seek to prove to the jury beyond a reasonable doubt.

Those of you who are selected to sit on the jury will receive a detailed explanation of the charges at the conclusion of the case, but I will briefly summarize the charges in this case now in order to determine whether there is anything about the nature of this case that may make it difficult or inappropriate for you to serve on the jury.

The indictment in this case alleges that the defendant, George Anthony Devolder Santos, also known as George Santos, who was a candidate for the United States House of Representatives during the 2020 and 2022 election cycles, engaged in five criminal schemes.

First, the indictment alleges that between December 2021 and November 2022, George Santos and Nancy Marks, the treasurer of his principal congressional campaign committee, conspired to submit materially false reports to the Federal Election Commission, also known as the FEC, on behalf of his principal congressional campaign committee in which they fraudulently inflated his principal congressional committee's fundraising numbers for the purpose of misleading the FEC, the National Republican Congressional Committee, also known as the NRCC, and the public. The indictment alleges that the purpose of this scheme was to qualify George Santos for different phases of a program administered by the NRCC pursuant to which the NRCC provided financial and logistical support for congressional candidates who qualified for the program.

Second, the indictment alleges that, between December 2021 and August 2022, George Santos devised and executed a fraudulent scheme whereby he stole personal identity and financial information of individuals who had contributed to his principal congressional campaign committee and used it to charge these individuals' credit cards repeatedly without authorization, transferring funds to his principal congressional campaign committee, to the campaigns of other candidates for elected office, and to his personal bank account. The indictment further alleges that, for the purpose of concealing the true source of funds and circumventing campaign contribution limits, George Santos falsely represented that the political contributions were made by other individuals, such as George Santos's relatives and associates.

Third, the indictment alleges that, between September 2022 and October 2022, George Santos devised and executed a scheme to defraud supporters of his candidacy for the

U.S. House of Representatives by fraudulently inducing them to contribute funds to a company by making various false representations to these supporters, both directly and through an intermediary, about the nature of the company and the intended purpose of monies contributed to the company, including that the monies would be used to support George Santos's candidacy. The indictment alleges that, in truth, George Santos spent thousands of dollars of the solicited funds on personal expenses, including luxury designer clothing and credit card payments.

Fourth, the indictment alleges that on June 17, 2020, George Santos applied to receive unemployment insurance through the New York State Department of Labor and falsely claimed to have been unemployed since the week of March 22, 2020. The indictment alleges that, between June 19, 2020 and April 15, 2021, George Santos falsely certified his continuing eligibility for unemployment benefits on a weekly basis, in each case falsely attesting that he was unemployed, available to take on new work and eligible for benefits. The indictment alleges that, in truth, during the relevant period, George Santos was a Regional Director at an investment firm and received regular deposits into his personal bank accounts as part of his salary. The indictment alleges that, based on a false application and false weekly certifications to the New York State Department of Labor, George Santos received unemployment insurance benefits, to which he was not entitled.

Fifth, the indictment alleges that on May 11, 2020 and September 6, 2022, in connection with his candidacy for election to the U.S. House of Representatives, George Santos filed Financial Disclosure Reports with the U.S. House of Representatives Committee

on Ethics in which he made various materially false representations and omissions regarding his financial circumstances.

Those are the charges alleged in the indictment. The indictment is not evidence. It merely contains the charges which the government has the burden of proving beyond a reasonable doubt at trial.

Mr. Santos has pleaded not guilty to these charges and denies the allegations. Accordingly, he is presumed innocent. Mr. Santos has no obligation to produce any evidence, question any witness or do anything else at trial. He does not need to prove anything. It is the government that, at all times, has the burden of producing evidence establishing guilt beyond a reasonable doubt. It is the government's burden to prove to you, beyond a reasonable doubt, each of the legal elements of each of the charges, which I will explain to you before you begin your deliberations. If you are selected as a juror in this case, it will be your duty to determine whether, based solely on the evidence presented at trial, the government has proven its case against Mr. Santos beyond a reasonable doubt.

We are about to select from among you the jurors who will sit in this case. The government and the defendant are entitled to know something about the people who may sit as jurors. The law provides this procedure to ensure that both the government and the defendant receive the fairest possible trial. For this reason, I am going to ask you certain questions. They are not meant to embarrass you in any way, but only to elicit the basic information necessary to permit the parties and the Court to make an informed choice of jurors for the case. If you would prefer not to give your answer in open court, please say so and we can discuss it privately.

1.     Now that you've heard the statement of what the case is about, do you have any personal knowledge of the charges in the indictment or facts relating to it, as I have described them to you?

2.     Have you heard, seen, or read anything about this case or the defendant? If so, would you be able to follow my instruction that you must set aside anything you have heard, seen, or read about this case or the defendant outside of this courtroom and base your verdict only on the evidence presented at the trial in this case? Is there anything you heard, saw, or read that would cause you to feel that it would be difficult to be fair and impartial? If I instructed you to set those opinions aside and to render a decision based solely on the evidence presented to you at trial, could you follow that instruction?

3.     Is there anything about the nature of this case, including the identity of the defendant or the nature of the alleged offenses, that would cause you to be unable to render a fair and impartial verdict in this case?

4.     Do you have any opinion about the enforcement of federal laws that might prevent you from being fair and impartial in this case?  Do you believe that the crimes charged in the indictment, as I have described them to you, should not be illegal or that such law should not be enforced or prosecuted by the United States government?  Do you have any opinions or beliefs about the enforcement of these or other federal laws that might prevent you from being fair and impartial in this case?

5.     Have you, or has any relative or close friend, had any experiences of any kind, directly or indirectly, with unemployment insurance benefits fraud, credit card fraud, identity theft, or fraud generally, either as a victim, a witness, a subject of investigation, or a

defendant?  If yes, please explain.  Is there anything about that experience that would cause you to be unable to render a fair and impartial verdict in this case?

6.      Have you, or has any relative or close friend, ever worked for a federal elected official, such as a U.S. Senator or U.S. Representative?  If yes, please describe that work.  Is there anything about that experience that would cause you to be unable to render a fair and impartial verdict in this case?

7.      Have you, or has any relative or close friend, ever worked or volunteered on a political campaign for elected office?  If yes, please describe that work.  Is there anything about that experience that would cause you to be unable to render a fair and impartial verdict in this case?

8.      Have you, or has any relative or close friend, ever worked or volunteered for a Section 501(c)(4) social welfare organization or an independent expenditure-only committee, which is also known as a "Super PAC"?  If yes, please describe that work.  Is there anything about that experience that would cause you to be unable to render a fair and impartial verdict in this case?

9.      Have you, or has any relative or close friend, ever contributed funds to a Section 501(c)(4) social welfare organization or an independent expenditure-only committee (or "Super PAC")?  If yes, please describe.  Is there anything about that experience that would cause you to be unable to render a fair and impartial verdict in this case?

10.      Have you, or has any relative or close friend ever ran for or held elected office?  If yes, please describe.  Is there anything about that experience that would cause you to be unable to render a fair and impartial verdict in this case?

11.     Have you, or has any relative or close friend, ever applied for, certified eligibility for, or received unemployment insurance benefits? If yes, please describe that experience. Is there anything about that experience that would cause you to be unable to render a fair and impartial verdict in this case?

12.     Have you, or has any relative or close friend, ever submitted an attestation, certification, or otherwise made a representation, to a federal, state, or local government under penalty of perjury regarding your financial circumstances, other than by filing your tax returns? If yes, please describe that experience. Is there anything about that experience that would cause you to be unable to render a fair and impartial verdict in this case?

13.     Have you, or has any relative or close friend, ever worked for or had any interactions with the U.S. House of Representatives Committee on Ethics? If yes, please describe that experience. Is there anything about that experience that would cause you to be unable to render a fair and impartial verdict in this case?

14.     Have you, or has any relative or close friend, ever worked for or had any interactions with the Federal Election Commission? If yes, please describe that experience. Is there anything about that experience that would cause you to be unable to render a fair and impartial verdict in this case?

15.     Do you have any opinions about the legal limits governing political contributions? Is there anything about those opinions that would cause you to be unable to render a fair and impartial verdict in this case?

16.     Do you have any strong opinions about members of the United States Congress that would cause you to be unable to render a fair and impartial verdict in this case?

17. Have you, or has any relative or close friend, ever worked for or had any interactions with the New York State Department of Labor? If yes, please describe that experience. Is there any anything about that experience that would cause you to be unable to render a fair and impartial verdict in this case?

18. Have you, or has any relative or close friend, ever worked for or had any interactions with the National Republican Congressional Committee? If yes, please describe that experience. Is there anything about that experience that would cause you to be unable to render a fair and impartial verdict in this case?

19. Do any of you have strong views regarding whether the United States Department of Justice should or should not pursue charges against candidates for elected office? If yes, please describe those views. If so, would that cause you to be unable to render a fair and impartial verdict in this case?[1]

---

[1] In addition to the above questions, defense counsel is requesting several additional questions, to which the government objects, including: (a) "Politically, are you liberal, middle-of-the-road, or conservative?"; (b) "Do you believe that your own political views might be so passionate that you might have trouble setting them aside if you come to learn during the trial that they conflict with the defendant's political positions?"; and (c) "Did you or anyone you know vote for George Santos in a political election? If so, is there anything about that experience that would cause you to be unable to render a fair and impartial verdict in this case?" The government respectfully submits that a potential juror's political views and voting history are not relevant to the question of whether they can fairly and impartially evaluate the evidence in this case and render a just verdict, that it would be inappropriate for the Court to inquire as to a potential juror's political views, and that it would be impermissible for either the government or defense counsel to strike a potential juror solely on the basis of their political views. Moreover, the defendant's political views are not relevant in this case, nor does the government anticipate eliciting evidence or testimony regarding those views. To the extent that defense counsel is concerned with assessing potential bias in the jury pool against the defendant, the government respectfully submits that other questions in the current proposal adequately address that concern.

## General Questions

20. Do you have a problem with your hearing or vision that would prevent you from giving attention to all of the evidence at this trial?

21. Do you have any difficulty understanding, reading, or speaking English?

22. Do you have any medical, physical, or mental condition or illness or take any medications that might interfere with your service as a juror in this case?

23. Do you have any religious, philosophical, or other beliefs that would prevent you from passing judgment on another person or that would make you unable to render a guilty verdict for reasons regardless of the evidence?

24. After the jury is selected, we will begin opening statements and then the presentation of evidence. The trial in this case could last as long as approximately five weeks. Recognizing that this may be longer than some of you prefer to serve as a juror, is there any juror for whom the proposed trial schedule presents an <u>insurmountable</u> problem, one that would make it truly impossible for the juror to serve?

25. Do you have any personal commitments that would make it difficult for you to get to court by at least 9:30 a.m. every day of trial, or remain at the courthouse until 5:00 p.m.?

26. If you are chosen to serve as a juror in this case, I will order you not to read, listen to, or watch any accounts of this case reported on television, the radio, or over the

---

Defense counsel further requests the following question: "Do you attend any political or social events such as rallies, town halls, or protests?" The government objects to this question because it is irrelevant. None of the evidence presented at trial is anticipated to involve rallies, town halls, or protests.

Internet or social media. This includes not being in the room when a family member or roommate is listening to the news, if any, about this case. Jurors are also not allowed to do any research regarding this case, whether over the Internet, on social media, or in any other manner. The case must be decided solely on the basis of the evidence presented in the courtroom. Would you have any difficulty following these rules, which are binding on every juror?

## Knowledge of the Trial Participants

27.     The prosecution, referred to here as the government, is represented here by the United States Attorney for the Eastern District of New York, Breon Peace, and the Chief of the Public Integrity Section of the United States Department of Justice, Corey Amundson. The conduct of the trial will be handled by Assistant United States Attorneys Ryan Harris, Anthony Bagnuola, and Laura Zuckerwise, and Trial Attorneys John Taddei and Jacob Steiner. They will be joined by Special Agents Katrina Laperuta and Kenneth Hosey with the Federal Bureau of Investigation, also known as FBI, and paralegal specialist Rachel Friedman of the U.S. Attorney's Office and paralegal specialist Dinora Orozco of the Public Integrity Section. [Please ask them to stand]. Do any of you know any of the attorneys, agents, or paralegals that I have just identified? To your knowledge, have you, your family members, or your close friends had any dealings, directly or indirectly, with any of these individuals, or with the United States Attorney's Office for the Eastern District of New York, the Public Integrity Section of the United States Department of Justice, or with the FBI?

28.     As I stated, the defendant in this case is George Anthony Devolder Santos, also known as George Santos. [Please ask the defendant to stand]. Do you personally

know, or have you had any first-hand dealings, either directly or indirectly, with the defendant or with any relative, friend, or associate of the defendant? If yes, how do you know the defendant, or the relative, friend, or associate of the defendant? Is there anything about that experience that would prevent you from rendering a fair and impartial verdict in this case?

29. To your knowledge, do any of your relatives, close friends, associates, or employers personally know the defendant? To your knowledge, how do they know the defendant? Is there anything about what you have heard from those other individuals that would prevent you from rendering a fair and impartial verdict in this case?

30. Before today, have you read, seen, or heard anything about the defendant or criminal charges brought against him? Based on anything that you may have read, seen, or heard about the defendant, have you formed any opinions about the defendant that would make it difficult for you to be fair and impartial in this case? If I instructed you to set those opinions aside and to render a decision based solely on the evidence presented to you at trial, could you follow that instruction?[2]

31. George Santos is represented by Joseph Murray, Robert Fantone and Andrew Mancilla. [Please ask the attorneys to stand]. They will be assisted by Kyra Mangle and Jessica Petrucci. Do any of you know any of the attorneys or paralegals that I have just identified? To your knowledge, have you, your family members, or your close friends had any dealings, directly or indirectly, with any of these individuals?

---

[2] This question was proposed by the government. Defense counsel objects to this question and proposes the following question: "Have you, either through any experience you have had or anything you have seen or read, developed any bias, prejudice, or other feelings for or against the Defendant George Santos?"

32.     I will now read a list of names of individuals and entities who may be mentioned during the trial, or who may be witnesses in this case. [To be provided in advance of trial].  Do any of you know any of those people or entities?  Do you, or does someone close to you, have any experience, connection, or association with any of the names just read to you?  If so, is there anything about your familiarity with or knowledge of these individuals or entities that could affect your ability to be fair and impartial in this case?

## Knowledge of Locations

33.     Events in this case allegedly took place at the following locations.  [To be provided in advance of trial].   Are any of you particularly familiar with any of those locations?  If so, is there anything about your familiarity with those locations that could affect your ability to be fair and impartial in this case?

## Prior Jury Service

34.     Have any of you ever sat as a juror before in any type of case?  If so, please state whether the case was in state or federal court, whether it was a civil or criminal matter, and, without telling us what the verdict was, whether a verdict was reached.

35.     Have any of you served as a grand juror?  If so, please indicate where and when you served, and describe, in general terms, the kind of cases you heard.

36.     For those of you who have described prior jury service, is there anything about your prior experiences as a juror that would prevent you from acting as a fair and impartial juror in this case?

## Relationship with, and View of, Government and Defense

37.     Have you, or has any relative or close friend, ever worked in law, law enforcement, the justice system, or the courts?  In what capacity?  Have you had any contact with anyone in law, law enforcement, the justice system or the courts that might influence your ability to render a fair and impartial verdict in this case?

38.     Have you, either through any experience you have had or anything you have seen or read, developed any bias, prejudice, or other feelings for or against the United States Department of Justice, the United States Attorney's Office for the Eastern District of New York, the Federal Bureau of Investigation, or any other law enforcement agency?

39.     Do you or any of your relatives or close friends work for a criminal defense lawyer or investigator, or have worked for such a person in the past?  Do you have any opinions about prosecutors or criminal defense attorneys generally that might make it difficult for you to be a fair and impartial juror in this case?

40.     Do you have any opinions about the criminal justice system generally or the federal criminal justice system in particular that might make it difficult for you to be a fair and impartial juror in this case?

41.     Do you have any opinions about people charged with crimes generally that might make it difficult for you to be a fair and impartial juror in this case?

## Experience as a Witness, Defendant, or Crime Victim

42.     Have you, or has any relative or close friend, ever participated in a state or federal court case, whether criminal or civil, as a witness, plaintiff, or defendant?  If so,

what kind of case and what was your role in that case?  Is there anything about that experience that would prevent you from acting as a fair and impartial juror in this case?

43.     Have you, or has any relative or close friend, ever appeared as a witness in any investigation by a federal or state grand jury or a governmental agency, or been questioned in any matter by any federal, state, or local law enforcement agency?  If so, is there anything about that experience that would prevent you from acting as a fair and impartial juror in this case?

44.     Have you, or has any relative or close friend, ever been subpoenaed for any inquiry or investigation?  If so, is there anything about that experience that would prevent you from acting as a fair and impartial juror in this case?

45.     Have you, or has any relative or close friend, ever been arrested or charged with a crime?  If so, is there anything about that experience that would prevent you from acting as a fair and impartial juror in this case?

46.     Have you, or has any relative or close friend, ever been the subject of any criminal investigation or accusation by any grand jury, state or federal, or any other investigation?  If so, is there anything about that experience that would prevent you from acting as a fair and impartial juror in this case?

47.     Have you, or has any relative or close friend, ever been the victim of a crime?  If so, please describe the circumstances, including the type of crime, when it happened, and the outcome of any law enforcement action.  Is there anything about that experience that could affect your ability to be fair and impartial in this case?

48.     Have you, or has any relative or close friend – either as an individual or in the course of business – ever been a party to a legal action or dispute with the United States, or with any of the offices, departments, agencies, or employees of the United States, including the United States Attorney's Office, the United States Department of Justice, or the FBI?  Have any of you had any legal, financial, or other interest in any such legal action or dispute or its outcome?  Have you, or has any relative, ever had such a dispute concerning money owed to you by the government or owed by you to the government?  If so, is there anything about that experience that would prevent you from acting as a fair and impartial juror in this case?

### Views on Certain Witnesses, Investigative Techniques, and Evidence

49.     The witnesses in this case may include law enforcement witnesses.  A law enforcement witness's testimony is not to be given any more or less weight than testimony of any other witness.  Would any of you be more likely to believe a witness merely because he or she is a member of a law enforcement agency?  Would any of you be less likely to believe a witness merely because he or she is a member of a law enforcement agency?

50.     You may hear evidence that other individuals, in addition to the defendant, were involved in the alleged crimes.  Those other individuals are not on trial here, and you may not draw any inference, favorable or unfavorable towards the government or the defendant, from that fact.  You may also not speculate as to the reason why other persons are not on trial in this case.  Do you have any concern that you could not follow this instruction?[3]

---

[3] This question is proposed by the government.  The defense objects to this question.

51.     Some of the evidence admitted at trial may come from searches performed by law enforcement officers.  The Court will instruct you that those searches were legal and that the evidence obtained from those searches is admissible in this case.  Do you have any feelings or opinions about searches conducted by law enforcement officers, or the use of evidence obtained from searches, that would affect your ability to be fair and impartial in this case?

52.     You also may hear testimony in this case from expert witnesses.  Have any of you had any experiences with experts, or do you have any general feelings about the use of experts, that would affect your ability to be fair and impartial in this case?

53.     Does anyone have any expectations about the types of evidence that the government should or will present in this criminal trial, or in a criminal trial more generally?[4]

54.     Would any of you be unable to follow my instructions that the government is not required to use any particular investigative technique uncovering evidence of or prosecuting a crime?[5]

55.     Does anyone have trouble accepting the idea that a defendant need not present any evidence at all, including not testifying on his own behalf, because he is presumed innocent and cannot be convicted unless the government proves an allegation beyond a reasonable doubt?

---

[4] This question is proposed by the government.  The defense objects to this question.

[5] This question is proposed by the government.  The defense objects to this question.

## **Function of the Court and Jury**

56.     The function of the jury is to decide questions of fact.  You are the sole judges of the facts and nothing that the Court or the lawyers say or do may encroach in any way on your role as the exclusive fact finders.  However, when it comes to the law, you must take your instructions from the Court and you are bound by those instructions.  You may not substitute your ideas of what the law is or what you think it should be.  At the conclusion of the case, your job will be to determine whether or not the defendant is guilty beyond a reasonable doubt of the crimes charged in this indictment.  Does any juror have any difficulty with that principle, or any problem in accepting and following the instructions of the law that I will give you in this case?

57.     Is there anyone who would have any hesitation or reservation about following the law as I explain it to you even if you disagree with the law?

58.     Will each of you accept that the question of punishment is for the Court alone to decide, and that the possible punishment or consequences of conviction must not enter into the deliberation of the jurors as to whether the defendant on trial here is guilty?

59.     Will each of you accept that sympathy or empathy must not enter into your deliberations as to the guilt of the defendant, and that only the evidence presented here in court may be used by you to determine whether the defendant is guilty or not guilty of the crimes charged?

60.     Will each of you accept the principle that it is impermissible for jurors to base their verdict in any way upon a bias or prejudice in favor of or against any person who may appear in this trial, on account of that person's race, color, national origin, ancestry,

gender, gender identity or expression, religion, religious practice, age, disability, sexual orientation or political views?[6]

61.    Is there any potential juror who feels that even if the evidence established a defendant's guilt beyond a reasonable doubt, he or she might not be able to render a guilty verdict for reasons unrelated to the law and the evidence?

62.    Is there any potential juror who feels that even if the evidence failed to establish a defendant's guilt beyond a reasonable doubt, he or she might not be able to render a not guilty verdict for reasons unrelated to the law and the evidence?

63.    I have tried to direct your attention in these questions to possible reasons why you might not be able to sit as a fair and impartial juror. Apart from any prior question, do any of you have the slightest doubt in your mind, for any reason whatsoever, that you will be able to serve conscientiously, fairly, and impartially in this case and to render a true and just verdict without fear, favor, sympathy, or prejudice, and according to the law as it will be explained?

64.    The law requires that the government prove the defendant's guilt "beyond a reasonable doubt," not to a mathematical certainty. Would you hold the government to a higher or greater burden of proof than "beyond a reasonable doubt" – for example, "beyond all doubt" or "beyond any doubt" – before you could return a guilty verdict? On the other

---

[6] Defense counsel requests two additional questions related to sexual orientation: (a) "Do you have any close friends who are lesbian, gay, bisexual or transgender?"; and (b) "Do you have any views about homosexuality that would make it difficult for you to be a fair and impartial juror in this case?" The government respectfully submits that issues of sexual orientation are anticipated to play a limited role at trial and are already appropriately addressed by the current question.

hand, would you hold the government to a lower or lesser burden of proof than "beyond a reasonable doubt" – for example, "more likely than not" – before you could return a guilty verdict?

65.     Regardless of your political beliefs or other strong opinions you may hold, can you base your verdict in this case upon the evidence and testimony admitted by the Court, giving each party the benefit of a fair and impartial trial?

### Questions for Individual Jurors

66.     The government respectfully requests that the Court ask each juror to state the following information:[7]

    a.  The juror's age;

    b.  The juror's family status (including whether the juror has any children and, if so, ages of the children);

    c.  The juror's current town of residence and length of time at the residence;

    d.  The juror's county of residence during the past ten years;

    e.  The educational background of the juror, including the highest degree obtained, and any degrees, licenses, or certificates obtained;

    f.  The juror's occupation and job title;

    g.  The name and general location of the juror's employer, and the period of employment with that employer;

    h.  The same information concerning other employment within the last five years;

---

[7] To the extent that a juror's answer to any of the questions below—or, in the Court's discretion, any of the questions above—is likely to lead to personal or sensitive information or information that may risk influencing the jury pool in favor of or against either the government or the defendant, the Court is requested to conduct any such further inquiry at the bench or in the robing room.

i. If the juror is not currently employed and has not been employed for the last five years, the last occupation and the names of the last employer;

j. If the juror is a student, where the juror attends school and what the juror is studying;

k. The same employment information with respect to the juror's significant other and any working children or other member of the juror's household;

l. The newspapers, magazines, television media, television news channels, podcasts, and Internet news sources that the juror typically reads, watches or listens to and how often;

m. The television shows that the juror typically watches and/or podcasts or radio programs the juror regularly listens to;

n. The juror's use of social media, including which networks or applications the juror typically uses;

o. The juror's hobbies, major interests, and leisure-time activities; and

p. Whether the juror has served in the military.

## Requested Instruction Following Empaneling of the Jury

67.     From this point until the time when you retire to deliberate your verdict, it is your duty not to discuss this case with anyone, including your fellow jurors, and not to remain in the presence of other persons who may be discussing this case.  The rule about not discussing the case with others includes discussions even with members of your own family, and your friends.  Do not read or listen to anything touching on this case in any way.  With respect to any publicity this case generates, you are instructed not to read, listen to, or watch any news or other reports or information about the case, including anything on the Internet or social media.  You must not be influenced by anything you might hear or see outside the courtroom.  Do not do any research or investigation about the case or anything touching upon

the case.  Do not go on the Internet to do any searches about this case or these kinds of cases or any of the individuals involved.

68.     If at any time during the course of the trial, any person attempts to talk to you or to communicate with you about this case, either in or out of the courthouse, you should immediately report such an attempt to me through my deputy clerk.  In this regard, let me explain to you that the attorneys and defendants in a case are not supposed to talk to jurors, not even to offer a friendly greeting or wave.  So, if you happen to see any of them outside this courtroom, they will, and should, ignore you.  Please do not take offense.  They will be acting properly by doing so.

69.     I know that many of you use cellphones, the Internet, and other tools of technology.  You also must not talk to anyone about this case or use these tools to communicate electronically with anyone about the case.  This includes your family and friends.  You may not communicate with anyone about the case on your phone or computer or through text messages, email, blogs, websites, Internet chat rooms, social media websites or applications (including Facebook, Instagram, Twitter or X, LinkedIn, YouTube, and TikTok), or by other means.

70.     Finally, if anything should happen involving any of you that is of an unusual nature, or that you think is something the Court should be told about, please do not discuss it with any other juror.  Simply give my clerk a note to the effect that you want to speak

to me about it and I can then hear what it is.  I make these remarks without expecting anything

unusual or improper to happen.  It is just safer to take the precaution of alerting you in advance.

Dated:          Central Islip, New York
                 August 6, 2024

                                          Respectfully submitted,

                                          BREON PEACE
                                          United States Attorney
                                          Eastern District of New York

                             By:     /s/_____
                                          Ryan C. Harris
                                          Anthony Bagnuola
                                          Laura Zuckerwise
                                          Assistant U.S. Attorneys

                                          COREY R. AMUNDSON
                                          Chief, Public Integrity Section
                                          U.S. Department of Justice

                             By:     /s/_____
                                          John P. Taddei
                                          Jacob R. Steiner
                                          Trial Attorneys


                                          GEORGE A.D. SANTOS
                                          Defendant

                             By:     /s/_____
                                          Joseph W. Murray
                                          Robert M. Fantone
                                          Andrew L. Mancilla
                                          Defense Counsel


cc:     Clerk of the Court (JS)
        Counsel of Record (by ECF)