# Exhibit C

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

**STATE OF MINNESOTA**,

          Plaintiff,

vs.

**DEREK MICHAEL CHAUVIN**,

          Defendant.

**ORDER SEALING CERTAIN JUROR INFORMATION, REDACTING FOREPERSON SIGNATURE ON PUBLICLY-FILED VERDICT FORMS, AND FILING UNDER SEAL OF ORIGINAL SIGNED VERDICT FORMS**

Court File No. 27-CR-20-12646

---

This matter came before the Court on April 20, 2021 for return of the jury's verdicts after jury trial conducted from March 29-April 19, 2021.

Keith Ellison, Matthew Frank, Steven Schleicher, and Jerry Blackwell appeared for the State of Minnesota.

Eric Nelson and Amy Voss appeared for Defendant Derek Michael Chauvin (Chauvin).

On November 4, 2020, this Court filed an Order for Juror Anonymity and Sequestration (Juror Anonymity Order). [Dk # 194] All Findings and Fact and Conclusions of Law in the Juror Anonymity Order are adopted herein by reference.

This Court ordered in the Juror Anonymity Order, *inter alia*, that jurors' names and other identifying information were to be kept confidential by all Hennepin County District Court personnel, counsel who received that information as well as any of counsels' employees or contractors, and Chauvin and co-defendants Tou Thao (Thao), Thomas Lane (Lane), and J. Alexander Kueng (Kueng). The Juror Anonymity Order also directed that information about the jurors' names and other identifying information would only be made

1

public after the conclusion of the trial and jury deliberations by this Court on a date designated by this Court in a subsequent written Order.

Throughout *voir dire* proceedings, from March 9-23, 2021, and the trial and deliberations, from March 29-April 20, any and all references to prospective jurors and selected jurors on the public record have been solely to the random number assigned to each panel member and, eventually, selected juror pursuant to the provisions of the Juror Anonymity Order.

The levels of media and public interest in this case have, if anything, increased since the Juror Anonymity Order was filed. The trial itself was livestreamed pursuant to this Court's Order Allowing Audio and Video Coverage of Trial, also filed November 4, 2020. [Dk # 193] Media coverage of this trial was ubiquitous and omnipresent: articles have appeared on a daily basis throughout the trial in local and national newspapers; broadcast coverage of the trial also occurred daily in local, regional, and national network stations and their affiliates as well as on various cable television stations. Two representatives of the media were allowed in the trial courtroom on a daily basis and HCDC Administration also established a media center that accommodated at least forty media representatives watching monitors of the livestream trial coverage throughout *voir dire* and the trial.

Although members of the public have not been permitted in the Hennepin County Government Center (HCGC) during the trial, on virtually every trial day interested members of the public were gathered on the plazas flanking either side of the HCGC as well as on Third Street across from HCGC and there were marches in downtown Minneapolis and other parts of the city. The lawyers have reported receiving unprecedented levels of emails regarding this case, frequently of incendiary, inflammatory, and threatening nature. The

Court itself has received unprecedented levels of emails and telephone calls about this case. Articles have been published locally and nationally containing many details, albeit not names or addresses, about the jurors gleaned during *voir dire*. The Court has informed the sworn jurors and alternates that they may, if they choose, identify themselves publicly and speak with whomever they wish about this case.

In light of all these considerations, the Court finds that continuing restrictions on public disclosure of the jurors' identities remain necessary to protect those jurors desiring to remain anonymous from unwanted publicity or harassment. Minn. R. Crim. P. 26.02 subd. 2(2) authorizes the Court to restrict access to juror identifying information as long as necessary to protect the jurors. *See also State v. Bowles*, 530 N.W.2d 521, 532 (Minn. 1995) (addressing jurors' fears of harassment by media, in addition to other potential threats to jurors, as basis for maintaining juror anonymity even after trial).

## ORDER

The prospective juror list, juror profiles, juror questionnaires, and the original verdict forms containing the signature of the jury foreperson shall be filed under seal and remain sealed in the court record until further order of the Court. The Court has already filed publicly copies of the verdict forms with the jury foreperson's signature redacted.

The Court will revisit the issue of juror confidentiality at an appropriate time, but not sooner than 180 days.

BY THE COURT:

Digitally signed by Cahill, Peter
Date: 2021.04.23 15:36:01
-05'00'

_____
Peter A. Cahill
Judge of District Court

3