# Exhibit D

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: PART 59

---

THE PEOPLE OF THE STATE OF NEW YORK

- against –

DONALD J. TRUMP

Defendant

DECISION AND ORDER ON PEOPLE'S MOTION FOR A PROTECTIVE ORDER REGULATING DISCLOSURE OF JUROR INFORMATION

Ind. No. 71543/2023

---

JUAN M. MERCHAN, A.J.S.C.:

## Background

Defendant is charged with 34 counts of Falsifying Business Records in the First Degree in violation of Penal Law § 175.10. The charges arise from allegations that Defendant attempted to conceal an illegal scheme to influence the 2016 presidential election. Specifically, the People claim that Defendant directed an attorney who worked for his company to pay $130,000 to an adult film actress shortly before the election to prevent her from publicizing an alleged sexual encounter with Defendant. Defendant then reimbursed the attorney for the payments through a series of checks and caused business records associated with the repayments to be falsified to conceal his criminal conduct. Trial on this matter is scheduled to commence on March 25, 2024.

The People filed the instant motion for a protective order on February 22, 2024, seeking three forms of relief. First, the People ask this Court to restrict disclosure of the business or residential address of any prospective or sworn juror other than to counsel of record for either party pursuant to the provisions of Criminal Procedure Law (hereinafter "CPL") §270.15(1-a). Second, they ask this Court to invoke its inherent authority to prohibit disclosure of juror names other than to parties and to counsel. Third, the People ask this Court to explicitly provide notice to Defendant that any harassing or disruptive conduct that threatens the safety or integrity of the jury may result in forfeiture of Defendant's access to juror names.

Defendant filed a response on March 4, 2024, in which he consents to the People's first two requests, subject to certain modifications. Specifically, Defendant indicates that he "does believe that a protective order pursuant to CPL § 270.15(1-a) is appropriate." Defendant's Response at pg. 2. Regarding the People's second request, Defendant "submits that the requested juror protective

order should be expanded to permit disclosure to individuals employed by counsel of record, such as paralegals and any jury consultants." Defendant's Response at pg. 4. Defendant further asks this Court to take precautions to minimize potential prejudice to Defendant such as by not notifying jurors of the existence of the protective measures unless the jurors make an inquiry and by providing neutral explanations and instructions for the procedure. Defendant's Response at pg. 5, citing *People v. Flores*, 153 AD3d 182 [2d Dept. 2018]; *United States v. Tutino*, 883 F2d 1125 [2d Cir. 1989]. Finally, Defendant asks this Court to reject the People's request that it provide notice to Defendant that engaging in certain conduct could result in the loss of his statutory right to access the names of prospective or sworn jurors.

## DISCUSSION

***The first request*** – CPL § 270.15(1-a) provides that a "court may, for good cause shown, upon motion of either party … issue a protective order … regulating disclosure of the business or residential address of any prospective or sworn juror to any person or persons, other than to counsel for either party. Such good cause shall exist where the court determines that there is a likelihood of bribery, jury tampering or of physical injury or harassment of the juror." Although the parties herein disagree as to the basis for such an order, they do agree that a protective order is appropriate. Having considered the arguments advanced by the People in their motion and by Defendant in his response, this Court concurs that a protective order is necessary. The Court further finds good cause, on the record before it, "that there is a likelihood of bribery, jury tampering, or of physical injury or harassment of juror(s)." CPL § 270.15(1-a).

***The second request*** - Both parties agree there is a need for a protective order prohibiting disclosure of juror names other than to the parties and counsel. Defendant consents and asks this Court to expand disclosure of juror names to the staff and consultants of the respective parties. This Court has examined the People's motion, together with the accompanying exhibits in support of the protective order and finds their arguments compelling.[1] Therefore, this Court agrees with the parties and finds that good cause exists for the issuance of a protective order prohibiting disclosure of juror names other than to the parties and to counsel. Further, this Court adopts Defendant's requests and expands the universe of those permitted access to the names to include the staff and consultants of

---

[1] For example, the People demonstrate that Defendant has an extensive history of publicly and repeatedly attacking trial jurors and grand jurors. People's Motion at pgs. 2-5; Exhibits 1-9. The motions, affirmations and exhibits of the respective parties are incorporated by reference.

2

the respective parties. As requested by Defendant, this Court will take reasonable precautions to minimize any potential prejudice to either party. The precautions may include, but not be limited to, not disclosing the existence of the protective measures unless absolutely necessary to allay juror concerns, providing neutral explanations for the procedures and giving appropriate jury instructions. *People v. Flores* 153 AD3d 182, 191-192 [2d Dept 2018].

To be clear, the parties have not requested, and this Court has not agreed, to close the Courtroom during jury selection or at any other time during the proceedings. Access to the courtroom by the public and the press will not be tempered in any way as a result of these protective measures.

**The third request** – This Court will rule on the People's third request when it addresses a separate motion by the People, also filed on February 22, 2024, for an order restricting extrajudicial statements. For purposes of this Decision and Order, it is sufficient to remind Defendant *and all parties to this action, including counsel,* of this Court's prior instructions from April 4, 2023; March 4, 2023; and May 23, 2023.

At Defendant's arraignment on April 4, 2023, this Court asked counsel for both parties to:

> [P]lease speak to your witnesses. Defense counsel speak to your client and anybody else you need to and remind them to please refrain …from making statements that are likely to incite violence or civil unrest. Please refrain from making comments or engaging in conduct that has the potential to incite violence, create civil unrest, or jeopardize the safety or well-being of any individual. Also, please do not engage in words or conduct which jeopardizes the rule of law, particularly as it applies to these proceedings in this courtroom.

*Transcript of Arraignment, April 4, 2023, at pages 12-13.*

> **Court:** Mr. Trump, … [y]ou have the right to be present at every stage of the proceedings … and that is obviously a very, very important right because it allows you to assist your attorneys in their defense of you. It allows them to consult with you in [their] defense of you. I think it is definitely advantageous to have the jurors, if there is a jury, to see you present. So, for all those reasons, I'm sure you can appreciate the right to be present at your trial and your proceedings is important. I'm required by law to inform you that there are ways that you can waive your right to be present at these proceedings. Specifically, I would like to refer to two specific areas. You can waive your right to be present if you voluntarily absent yourself from the proceedings. So, if it is determined that at some point down the road you are not present at some stage because you chose not to be present, I do have the authority

3

… to find you voluntarily waived your right to be present and continue the proceedings in your absence. Do you understand that?

**Defendant Mr. Trump**: Yes.

**Court**: A second way you can lose your right, or waive your right is to become disruptive … if you become disruptive to such a degree that it affects my ability to preside over this case … I do have the authority to remove you from the courtroom and continue in your absence, do you understand that?

**Defendant Mr. Trump**: I do.

*Transcript of Arraignment, April 4, 202,3 at pages 27-29.*

**Court**: I have to apply the law as I see it and in that regard I'm bending over backwards and straining to make sure that [Mr. Trump] is given every opportunity possible to advance his candidacy and to be able to speak in furtherance of his candidacy … with that comes responsibility … that his words especially, when used in the form of rhetoric can have consequences, therefore, I am not going to do anything with respect to this protective order or anywhere else to infringe on your client's First Amendment rights, nor am I going to do anything to limit his ability to offer his views on the case to speak on his experiences with the case. He is certainly free to do that. He's also free to speak on the vast majority of the evidence because the vast majority came from the defense and the protective order does not apply to evidence that was produced to the People by the defense … So [the] protective order applies to only that evidence which the People themselves have obtained, generated, garnered …I think that that's pretty narrow and I'm trying to do everything I can to be as narrow and focused here as I can possibly be. … I think if I were to sign a protective order at least that paragraph as written, there is nothing there that would prevent your client from being able to not only speak about the case and speak out in his defense but to speak powerfully and persuasively without the need to start attacking individuals, disclosing names, addresses, cell phone numbers, identity, dates of birth, or anything along those lines. That's just not necessary to advance his candidacy.

**Mr. Blanche**: We agree with that.

*Transcript of May 4, 2023, hearing on Protective Order at pages 37-38 (Defendant's appearance was waived.)*

**Court**: Now Mr. Trump, there [are] a couple of reasons why we're having this hearing today. Primarily we want to go over the protective order. … [on] May 8th, I was given a copy of the protective order that incorporated my rulings and incorporated the agreements that the parties had come to. That is the protective order I signed. Now, Mr. Trump, do you have a copy of that protective order?

4

**The Defendant**: Yes, I do.

**Court**: And Mr. Blanche, have you had an opportunity to review the protective order with your client?

**Mr. Blanche**: Yes, your Honor.

**Court**: And have you reviewed each of the 9 So Ordered paragraphs that are contained in that protective order?

**Mr. Blanche**: I have, your Honor, and I've discussed it at length as well.

**Court**: Were there any issues that your client comes into today's hearing not understanding, or any outstanding issues that he would like to resolve at this time?

**Mr. Blanche**: Nothing to resolve your Honor. Certainly, our objection that we noted in our papers … [Mr. Trump] is concerned that his First Amendment rights are being violated by this protective order. I have explained to him that that is not Your Honor's intention, and that you have made that clear previously that that is not your intention, and that this is not a gag order, and that he is free to speak about the case and to defend himself subject to the limitations in the protective order.

**Court**: Yes, that is true, it's certainly not a gag order and its certainly not my intention to in any way impede Mr. Trump's ability to campaign for the presidency of the United States. He's certainly free to deny the charges. He's free to defend himself against the charges. He's free to campaign. He's free to do just about anything that does not violate the specific terms of this protective order …

**Mr. Blanche**: I agree with you your Honor, I do not believe it's necessary to go line by line …

**Court**: Now, did you also explain to your client that this order constitutes a mandate of the court?

**Mr. Blanche**: Yes

**Court:** And did you explain to your client what that means?

**Mr. Blanche**: Yes, he understands that he has to comply with the order and if he doesn't do so, he's violating Your Honor's court order.

**Court:** And … a violation of a court mandate could result in sanctions. There are a wide range of sanctions. They could include up to a finding of contempt[.] …You can explain that to your client.

5

**Mr. Blanche**: Understood, your Honor.

*Transcript of hearing on May 23, 2024, at Pages 3-6 (Mr. trump appeared virtually).*

**THEREFORE**, it is hereby

**ORDERED**, that the People's motion for a protective order restricting disclosure of the business or residential address of any prospective or sworn juror other than to counsel of record for either party pursuant to the provisions of CPL §270.15(1-a) is GRANTED; and it is further

**ORDERED**, that the People's motion to prohibit disclosure of juror names other than to parties and to counsel is GRANTED as modified at the request of Defendant, to expand the universe of those permitted access to the names to include the staff and consultants of the respective parties; and it is further

**ORDERED**, that the People and Counsel for the Defendant, shall jointly submit to this Court, no later than Friday, March 15, 2024, proposed neutral explanations and limiting instructions the Court may give to the jury to minimize any potential prejudice to either party. If the parties are unable to agree on the language of the proposals, then each party is to submit a separate proposal to the Court no later than Monday, March 18, 2024; and it is further

**ORDERED**, that Christoper DiSanto, Chief Clerk of the Supreme Court, New York County - Criminal Term, shall implement the necessary measures and take all necessary steps to ensure compliance with this Decision and Order; and it is further

6

**ORDERED**, that a decision on the People's motion for this Court to explicitly provide notice to Defendant that any harassing or disruptive conduct that threatens the safety or integrity of the jury may result in forfeiture of Defendant's access to juror names is reserved pending this Court's decision on the People's motion for an order restricting extrajudicial statements. In the interim, Defendant *and all parties to this action, including counsel*, are reminded of this Court's prior instructions from April 4, 2023; March 4, 2023; and May 23, 2023.

The foregoing constitutes the Decision and Order of the Court.

Dated: March 7, 2024
New York, New York

_____
Juan M. Merchan
Judge of the Court Claims
Acting Justice of the Supreme Court

HON. J. MERCHAN

7