

April 21, 2025

**BY ECF**
The Honorable Joanna Seybert
United States District Judge
Eastern District of New York
100 Federal Plaza, Courtroom 1030
Central Islip, New York 11722

      Re:    *United States v. George Anthony Devolder Santos*, 23-CR-197 (S-2) (JS)

Dear Judge Seybert:

      The defense respectfully submits this letter to request leave to file a brief response to the government's April 17, 2025 submissions (ECF Nos. 118 and 119) and to offer, as Exhibit A, Mr. Santos's personal statement. The government did not seek authorization before lodging its supplemental letter; its *nunc pro tunc* request followed only after defense counsel reminded the government of Your Honor's scheduling order and requested the government to withdraw its initial filing. In parity and fairness, we now seek the Court's permission to address the new matters the government has placed before the Court outside the schedule previously set by Your Honor.

      The government's central argument—that Mr. Santos's recent social media activity "demonstrate[s] that he remains unrepentant for his crimes" and reflects a "disclaiming [of] personal responsibility" (ECF No. 118 at 1)—is fundamentally inaccurate and ignores Mr. Santos's profound and consistent acceptance of responsibility, most notably demonstrated through his guilty plea and his public statement immediately following that plea.

      In our sentencing submission, we detailed Mr. Santos's acceptance of responsibility: "He has accepted full responsibility for his actions, as evidenced by his guilty plea entered on August 19, 2024, and his stipulation to the relevant conduct…Mr. Santos understands the gravity of his conduct, expresses genuine remorse, and has agreed to pay restitution totaling $373,749.97." (ECF No. 115 at 2).

      Immediately following his guilty plea, Mr. Santos issued a public statement outside the courthouse before a massive media presence further confirming his sincere and heartfelt acceptance of responsibility and deep remorse. He stated:

> *This has been an extraordinarily difficult period in my life, filled with self-reflection and regret. . . . It is clear to me now that I allowed ambition to*

> *cloud my judgment, leading me to make decisions that were not only unethical, but illegal.*
>
> *Pleading guilty . . . is a necessary one, because it is the right thing to do. It is not only a recognition of my misrepresentations to others, but more profoundly, it is my own recognition of the lies I have told myself over these past few years. It is the confrontation with these truths that has flooded me with deep regret for the choices I made. I hope that by acknowledging my mistakes, I can begin to make amends. I am committed to learning from this experience and to never repeat these mistakes.*
>
> *To my family, friends, supporters, and the people of New York's Third Congressional District: I offer my deepest apologies. . . .I know that my actions have caused disappointment, frustration, and a loss of faith in me. For that, I am truly sorry.*
>
> *Moving forward, I am dedicated to making amends for the wrongs I have committed. I understand that there are legal consequences for my actions, and I accept them fully. This plea is not just an admission of guilt; it is an acknowledgment that I need to be held accountable like any other American that breaks the law. I hope that by facing these consequences head-on, I can begin to demonstrate my commitment to change . . . . I do not ask for forgiveness, as I know that must be earned through actions, not words. . . . I will work tirelessly to regain the trust of those I have let down.*
>
> *As I move forward, I am committed to living a life that reflects the values I should have upheld all along—Truth and integrity.*

(Santos Statement to the Public, Aug. 19, 2024).  These are not the words of someone who is "unrepentant" or "disclaiming personal responsibility." (ECF No. 118 at 1).  They reflect a man grappling with the gravity of his mistakes and accepting the consequences.

The government ignores these unequivocal statements and instead focuses on select social media posts made in the immediate aftermath of the government filing its sentencing memorandum, which requested a sentence far exceeding what the defense believes is warranted or supported by precedent. The government characterizes these posts as "attacking the U.S. Department of Justice" and "disclaiming personal responsibility." (ECF No. 118 at 1). However, when viewed in the context of the government's demand for an 87-month sentence—a sentence significantly longer than those imposed in numerous comparable, and often more severe, fraud and campaign finance cases detailed in our sentencing submission (ECF No. 115 at 11-14)—Mr. Santos's posts are more accurately understood as expressions of frustration and disagreement with the *severity* of the government's sentencing recommendation, not a retraction of his admission of guilt.

For instance, the government highlights Mr. Santos's post stating, "I will however remind everyone that they want me to go to prison for 87 months while they let sex traffickers walk freely, they give drug lords slaps on the wrist…" (ECF No. 118 at 2). This statement directly references the unprecedented 87-month sentence sought by the government and contrasts it with perceived leniency in other types of cases—a clear commentary on sentencing disparity, a core

2

theme of Mr. Santos's own sentencing memorandum (ECF No. 115 at 11-15). It does not contest his guilt for the underlying offenses.

Similarly, statements like "No matter how hard the DOJ comes for me, they are mad because they will NEVER break my spirit" (ECF No. 118 at 1) and referring to himself as a "Scapegoat!" (ECF No. 118 at 3) reflect his personal reaction to what he perceives as an excessively punitive stance by the prosecution, rather than a denial of the conduct for which he pleaded guilty. While perhaps expressed with hyperbole typical of the social media platform used, these posts do not negate the clear acceptance of responsibility demonstrated by his guilty plea and his formal public statement.

Mr. Santos has admitted his guilt, expressed remorse, apologized to those he harmed, and stated his full acceptance of the legal consequences. His recent online statements, while reflecting his distress regarding the potential length of his sentence, do not undermine his acceptance of responsibility for his crimes.

For these reasons we respectfully request the Court consider Mr. Santos's genuine admissions and candid statements of remorse when evaluating his acceptance of responsibility, and grant leave to docket this response and Exhibit A.

Thank you for your time and consideration of this submission.

Sincerely,

Andrew Mancilla, Esq.
Robert Fantone, Esq.
Joseph W. Murray, Esq.

cc: All Parties (by ECF)

3